ROGER WENTHE, PLLC
Roger Wenthe
Nevada Bar No. 8920
2831 St. Rose Pkwy. # 200
Henderson, NV 89052
T: 702-971-0541
roger.wenthe@gmail.com
*Local Counsel for Plaintiff*
*(Additional counsel appear on signature page)*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALLEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARRICK GOLD OF NORTH AMERICA, INC. d/b/a NEVADA GOLD MINES LLC<br><br>and<br><br>TURNER STAFFING GROUP, LLC,<br><br>Defendants. | Case No.:<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND |

Plaintiff, WADE ALLEN, individually and on behalf of all others similarly situated, by and through his attorneys BROWN, LLC and ROGER WENTHE, PLLC, hereby brings this Collective and Class Action Complaint against Defendants, BARRICK GOLD OF NORTH AMERICA, INC. d/b/a NEVADA GOLD MINES LLC ("Defendant NGM") and TURNER STAFFING GROUP, LLC (Defendant TSG"), and states as follows:

**INTRODUCTION**

1.  Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendants arising from Defendants'

1
COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

1. willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations.

2. Additionally, Plaintiff brings this action individually and as a Rule 23 class action to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violations of Nev. Rev. Stat. §§ 608.016, 608.018, and 608.260, and Nevada's Minimum Wage Amendment, Nev. Const. Art. 15, § 16 (collectively, the "Nevada Wage-and-Hour Laws").

3. Defendants maintained a common policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's and Nevada Wage-and-Hour Laws overtime provisions.

4. To the extent Defendants paid hourly-paid employees for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours.

5. Plaintiff seeks judgment against Defendants for actual and liquidated damages on behalf of himself, the putative FLSA Collective, and the Rule 23 Nevada Class, plus costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

7. This Court has supplemental jurisdiction over the Nevada state law claims pursuant to 28 U.S.C. § 1367 because they are part of the same case and controversy as Plaintiff's federal claims.

8. The Court has personal jurisdiction over Defendants because Plaintiff's claims arise from Defendants' contacts with this state.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because it is where a substantial part of the events or omissions giving rise to the claims occurred.

///

## PARTIES

10. Plaintiff Wade Allen is a resident of La Porte, Texas, and worked for Defendants in Carlin, Nevada, as a construction manager from approximately May 7, 2023, to approximately January 29, 2024.

11. Defendant Barrick Gold of North America, Inc. d/b/a Nevada Gold Mines, LLC ("Defendant NGM") is a limited liability corporation with a headquarters located in Elko, Nevada.

12. Defendant NGM's registered agent for service, C T Corporation System, maintains an address located at 701 S. Carson Street, Suite 200, Carson City, NV 89701.

13. Defendant Turner Staffing Group, LLC is a limited liability corporation with a headquarters located at 304 W. Kirkwood Avenue, Suite 100, Bloomington, IN 47404.

## FACTUAL ALLEGATIONS

14. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

15. At all relevant times, Defendants have and continue to jointly operate an enterprise whose annual gross volume of sales made, or business done is not less than $500,000.

16. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

17. By way of example, Construction Managers handle or otherwise work on goods or materials that have been moved in or produced for commerce.

18. Additionally, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

19. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

20. Defendant TSG interviews and places employees for positions at Defendant NGM.

21. Defendant NGM operates mining services for the purpose of extracting and producing gold.

22. Defendants substantially controlled the manner Construction Managers were expected to adhere with respect to performing the necessary functions of their jobs.

23. Defendants provided Construction Managers with the tools and/or equipment to perform the necessary functions of their job.

24. Work performed by Construction Managers was integral to Defendants' business, in that it directly impacted Defendants' ability to generate income.

25. Defendants promulgated work rules, policies and procedures that applied to Construction Managers.

26. Defendants had the authority to discipline Construction Managers for any violation of their work rules, policies and/or procedures.

27. Defendants recorded and maintained records of the work Construction Managers performed.

28. Defendants supervised work performed by Construction Managers and determined the hours that Construction Managers worked.

29. Defendants had the authority to terminate their working relationship with Construction Managers at any time.

30. Defendants determined the rate and method of payment for Construction Managers.

31. Defendant TSG misclassified employees as exempt from overtime premium based on the mistaken belief that the highly-compensated exemption applied to employees paid on an hourly basis, but that belief was rejected by the United States Supreme Court in *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 677, 690 (2023).

32. At all times material hereto, Construction Managers were paid on an hourly basis by Defendants.

33. Defendants' Construction Managers routinely worked over forty (40) hours per week.

34. Defendants employed Construction Managers for projects related to Defendant NGM's mines.

35. Defendants maintained a common policy of failing to pay Construction Managers at time-and-a-half of their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

36. To the extent Defendants paid Construction Managers for hours worked in excess of forty (40) hours in a workweek, such pay was at the same rate of pay they received for non-overtime hours.

37. Thus, Defendants paid their Construction Managers straight time for overtime.

38. Thus, Defendants failed to pay their Construction Managers any premium pay for overtime.

39. At all times material hereto, Plaintiff was compensated on an hourly basis.

40. Plaintiff routinely worked over forty (40) hours per workweek.

41. For example, during the pay period beginning October 9, 2023, and ending on October 22, 2023, Plaintiff worked 110 hours.

42. However, Plaintiff did not receive any premium for overtime compensation for the pay period beginning October 9, 2023, and ending on October 22, 2023.

43. Rather, to the extent Defendants paid Plaintiff for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay he received for non-overtime hours.

44. Defendants' Construction Managers were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, but did not.

45. Defendants knew and/or recklessly disregarded that their Construction Managers were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and that they were not receiving such compensation.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former Construction Managers who worked for Defendants in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment.*

47. Plaintiff reserves the right to amend this definition as necessary.

48. Excluded from the proposed Collective are Defendants' executives, administrative, and professional employees, including computer professionals and outside salespersons.

49. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

50. The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – whether Defendants failed to pay Construction Managers at 1.5 times their regular rate for hours worked in excess of forty (40) in a workweek – do not vary substantially among the FLSA Collective members.

51. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over fifty members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

**RULE 23 NEVADA CLASS ACTION ALLEGATIONS**

52. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of the Rule 23 Nevada Class, defined as:

> *All current and former Construction Managers who worked for Defendants in Nevada at any time within the three (3) years preceding the commencement of this action and the date of judgment.*

53. Plaintiff reserves the right to amend this definition as necessary.

54. The members of the Rule 23 Nevada Class are so numerous that joinder of all Rule 23 Nevada Class members in this case would be impractical. Rule 23 Nevada Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

55. There is a well-defined community of interest among Rule 23 Nevada Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nevada Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the time Rule 23 Nevada Class members work more than forty (40) hours in a workweek; and

   b. Whether Rule 23 Nevada Class members are owed overtime premium compensation at 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek and, if so, the appropriate amount thereof.

56. Plaintiff's claims are typical of those of the Rule 23 Nevada Class in that he and all other Rule 23 Nevada Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Nevada Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Nevada Class members.

57. Plaintiff will fully and adequately protect the interests of the Rule 23 Nevada Class and he has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Nevada Class.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nevada Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

59. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

60. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

61. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Nevada Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nevada Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

# COUNT I

### (Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(a)(1)

### FAILURE TO PAY OVERTIME WAGES

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. At all times relevant to this action, Defendants were an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

64. At all times relevant to this action, Defendants were an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

65. In addition, Plaintiff and the FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

66. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

67. Plaintiff and the FLSA Collective members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

68. Defendants "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

69. Defendants required Plaintiff and the FLSA Collective members to work more than forty (40) hours in a workweek, but failed to pay these employees the federally mandated overtime compensation for hours worked in excess of forty (40) in a workweek.

70. Defendants' violations of the FLSA were knowing and willful.

71. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II

### (Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)

### VIOLATIONS OF NEVADA WAGE-AND-HOUR LAWS

### FAILURE TO PAY OVERTIME WAGES

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. All members of the Rule 23 Nevada Class are entitled to their regular wages and/or overtime pursuant to Nevada Wage-and-Hour Laws.

74. Defendants were an "employer" and Plaintiffs and the Rule 23 Nevada Class members were "employees" for the purposes of Nevada Wage-and-Hour Laws.

75. N.R.S. § 608.016 states that an "employer shall pay to the employee wages for each hour the employee works."

76. N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

77. N.R.S. § 608.260 allows employees to "bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage."

78. N.R.S. § 608.140 provides employees with a private right of action to recover wages owed under N.R.S. §§ 608.016 and 608.018. *See Neville v. Eighth Judicial Dist. Court of Nev.*, 406 P.3d 499 (Nev. 2017).

79. Nevada's Minimum Wage Amendment, Nev. Const. Art. 15, § 16 guarantees a minimum wage for each individual hour worked, rather than as an average over a workweek. *See Porteous v. Capital One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020).

80. By failing to pay Plaintiff and members of the Rule 23 Nevada Class overtime wages for hours worked over forty (40) in a workweek, Defendants violated Nevada Wage-and-Hour Laws.

81. Defendants' violations of N.R.S. §§ 608.016, 608.018, and 608.260 were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

82. Defendants' actions discussed above were willfully oppressive, fraudulent and malicious, entitling Plaintiff and the Rule 23 Nevada Class to punitive damages.

83. Defendants violated Nevada Wage-and-Hour Laws by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Nevada Class overtime compensation for working in excess of forty (40) hours per workweek as described in this Complaint. As a result, Plaintiff and the Rule 23 Nevada Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Nevada Class are entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005 *et seq.*

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff WADE ALLEN requests an entry of an Order granting the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Nevada Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' state law claim (Count II);

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the FLSA collective action Class and the Rule 23 Nevada Class, and undersigned counsel as Class counsel for the same;

e. Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Finding that Defendants violated the Nevada Wage-and-Hour Laws and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective and the Rule 23 Nevada Class the full amount of compensatory damages and liquidated damages available by law;

h. Assessing punitive damages against Defendants in an amount sufficient to punish and deter Defendants from engaging in any such conduct in the future and as an example to other employers;

i. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

j. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

k. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, WADE ALLEN, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above.

DATED: June 5, 2024

**ROGER WENTHE, PLLC**

By:   */s/ Roger Wenthe*
Roger Wenthe
Nevada Bar No. 8920
2831 St. Rose Pkwy. # 200
Henderson, NV 89052
T: 702-971-0541
Roger.wenthe@gmail.com

*Local Counsel for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                _____
                Nicholas Conlon (to seek PHV)
                Edmund C. Celiesius (to seek PHV)
                **BROWN, LLC**
                111 Town Square Place, Suite 400
                Jersey City, NJ 07310
                Phone: (201) 630-0000
                nicholasconlon@jtblawgroup.com
                ed.celiesius@jtblawgroup.com

                *Lead Counsel for Plaintiff*