JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Turner Staffing Group, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WADE ALLEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARRICK GOLD OF NORTH AMERICA, INC. d/b/a NEVADA GOLD MINES LLC; and TURNER STAFFING GROUP, LLC,<br><br>Defendants | Case No.: 3:24-cv-00231-CLB<br><br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

This Joint Stipulation of Settlement and Release between Plaintiff and Defendants is made and entered into by and between Plaintiff Wade Allen ("Plaintiff") on behalf of himself and on behalf of all members of the putative FLSA Collective and the Nevada Wage Class (as those terms are defined herein) on the one hand, and Turner Staffing Group, LLC ("TSG"), Nevada Gold Mines, LLC ("NGM") and Barrick Gold of North America, Inc. ("Barrick") (collectively, TSG, NGM, and Barrick are referred to herein as "Defendants") on the other hand.

THE PARTIES STIPULATE AND AGREE as follows:

1. **Recitals.**

   a.    WHEREAS, on June 5, 2024, Plaintiff Wade Allen commenced litigation (ECF No. 1) under the FLSA and the Nevada Wage-and-Hour Laws in the U.S. District Court for the District of Nevada in the above captioned matter, on behalf of himself, and on behalf of all current or former non-exempt employees of Defendants who worked in the United States at any time

with the three (3) years preceding the date the Action was commenced and the date of judgment therein;

   b.  WHEREAS, the Parties agreed to retain an experienced mediator, Hon. Peggy A. Leen (Ret.), to assist with the global claims set forth in the Action;

   c.  WHEREAS, following the exchange of data and other information, the Parties participated in two separate full day mediation sessions with Hon. Peggy A. Leen (Ret.);

   d.  WHEREAS, the Parties have agreed to certify a FLSA Collective and a Nevada Wage Class, solely for the purposes of entering into a global settlement agreement;

   e.  WHEREAS, the Parties have made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In entering into this Settlement Agreement, the Parties have considered: (a) the facts developed during informal discovery and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. The Parties have each concluded that it is in their best interests to settle the Action pursuant to the terms set forth herein; and

   f.  WHEREAS, in order to avoid the expense and burdens of further litigation, the Parties desire to resolve any and all suits, actions, causes of action, claims, or demands against the Defendants, based on putative violations of the FLSA and/or any state wage and hour law relating to or arising out of the alleged failure to pay overtime, including, without limitation, all state, local, and federal claims for unpaid wages (whether minimum wage or overtime), failure to timely pay wages, failure to record hours worked, paystub requirements, reimbursement, and all related claims for statutory damages or penalties, interest, liquidated damages, attorneys' fees, costs, expenses, and all other such amounts, and including, without limitation, all claims that have been asserted in the Action.

   g.  NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Settling Parties agree as follows:

   2. **<u>Definitions.</u>** The following terms shall have the meanings ascribed to them below:

a.    "Action" means the lawsuit captioned as *Wade Allen v. Barrick Gold of North America, Inc. d/b/a Nevada Gold Mines, LLC, et al.*, United Stated District Court, District of Nevada, Case No. 3:24-cv-00231-CLB.

b.    "Authorized Class Claimant" means the Class Representative and all members of the Nevada Wage Class who submit a timely and valid Claim and Consent Form to the Claims Administrator.

c.    "Authorized Collective Claimant" means the Class Representative and all members of the FLSA Collective who submit a timely and valid Claim and Consent Form to the Claims Administrator.

d.    "Claims Administrator" means Apex Class Action LLC, or such other claims administrator as may be mutually agreeable to the Parties.

e.    "Claim and Consent Form" means proof of claim, consent to join, and release in substantially the form as **Exhibit 1**, attached hereto.

f.    "Claims Deadline" means the date sixty (60) days following the date on which the Settlement Administrator first mails the Notices, Claim and Consent Forms, and Exclusion Forms to the Settlement Members.

g.    "Class Counsel" means Jason T. Brown and Nicholas Conlon of the firm Brown, LLC.

h.    "Class Period" means January 1, 2022 up to and including September 3, 2024.

i.    "Class Representative" means Plaintiff Wade Allen.

j.    "Court" means the United States District Court, District of Nevada.

k.    "Cy Pres Beneficiary" means the Food Bank of Northern Nevada, a nonprofit organization located in Sparks, Nevada, selected to receive residual funds from unclaimed Nevada Class Awards in accordance with Paragraph 6(o).

l.    The Court's "Preliminary Approval Order" means the preliminary order approving the Settlement, as more fully described in Paragraph 5(a) below.

m.    The Court's "Final Order and Judgment" means the Final Order Approving

Class Action Settlement and Judgment, as more fully described in Paragraph 5(e) below, and as approved by the Court.

n.       "Digital Payment Option" means any non-check method of payment that the Claims Administrator offers to Settlement Members, including but not limited to direct deposit, electronic funds transfer, PayPal, Venmo, or any other platform agreed upon by the Claims Administrator and the Parties.

o.       "Defendants" means Turner Staffing Group, LLC, Nevada Gold Mines, LLC, and Barrick Gold of North America, Inc.

p.       "Effective Date" shall have the meaning ascribed to it in Paragraph 3(b) below.

q.       "Employer Payroll Taxes" means the taxes which Defendants, as an employer, are required to pay on account of the payment of wages to an Authorized Class Claimant or Authorized Collective Claimant.

r.       "Enhancement Award" means, subject to approval by the Court, a maximum payment of $15,000.00 to the Class Representative.

s.       "FLSA" means the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

t.       "FLSA Collective" means all individuals employed by Turner Staffing Group, LLC and/or HR Advantages, LLC anywhere in the United States who were classified as exempt and paid on an hourly, piece-rate or daily basis at any time during the Class Period.

u.       "Maximum Settlement Amount" shall be as defined in Paragraph 3(c) below.

v.       "Net Settlement Amount" shall be as defined in Paragraph 3(c) below.

w.       "Nevada Wage Class" means all individuals employed by Turner Staffing Group, LLC and/or HR Advantages, LLC in Nevada who were classified as exempt and paid on an hourly, piece-rate or daily basis at any time during the Class Period.

x.       "Nevada Wage-and-Hour Laws" means Nev. Rev. Stat. §§ 608.016, 608.018, 608.020, 608.030, 608.040, 608.050, 608.135, 608.140, and 608.260, and Nevada's Minimum Wage Amendment, Nev. Const. Art. 15, § 16.

y.       "Notice" means the Notice of Pendency of Collective and Class Action,

Proposed Settlement and Hearing Date for Final Court Approval sent to all Settlement Members (which consists of two versions: one sent to members of the Nevada Wage Class, and another sent to all other Settlement Members), in substantially the form attached hereto as **Exhibits 2A and 2B**, and as approved by the Court.

z.      "Objection/Exclusion Deadline" means the date that is sixty (60) days following the mailing of the Notice.

aa.      "Parties" means collectively the Plaintiff and Defendants, each of whom is a "Party."

bb.      "Plaintiff" means Plaintiff Wade Allen on behalf of himself and others similarly situated.

cc.      "Released Federal Claims" means any and all applicable federal law wage-and-hour claims (including, but not necessarily limited to, contractual or common law claims, liquidated damages claims, waiting time penalty claims, claims arising under the Fair Labor Standards Act, that are asserted in or that could have been asserted in the operative complaint (including, but not limited to, breach of contract, breach of covenant good faith and fair dealing, tortious breach of contract, unjust enrichment, quantum meruit and declaratory relief) and rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Class Period, and/or which arose out of or could have arisen out of the facts alleged in this Action.

dd.      "Released Nevada Claims" means any and all applicable state or local law wage-and-hour claims (including, but not necessarily limited to, contractual or common law claims, liquidated damages claims, waiting time penalty claims, claims arising under the Nevada Wage-and-Hour Laws, Nevada Revised Statutes, Administrative Code Chapter 608, and/or the Nevada Constitution, that are asserted in or that could have been asserted in the operative complaint (including, but not limited to, breach of contract, breach of covenant good faith and fair dealing, tortious breach of contract, unjust enrichment, quantum meruit and declaratory relief) and rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Class Period, and/or which arose out of the

facts alleged in this Action

ee.    "Released Parties" collectively means: (i) Defendants Turner Staffing Group, LLC, Nevada Gold Mines, LLC, and Barrick Gold of North America, Inc.; (ii) HR Advantages, LLC ("HRA"); (iii) Defendants' and HRA's respective past, present and future parents, subsidiaries, joint ventures, sister entities, and affiliates; (iii) Defendants' and HRA's respective past, present and future shareholders, directors, officers, members, managers, agents, employees, attorneys, insurers, predecessors, successors and assigns; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

ff.    "Request for Exclusion Form" (or "Exclusion Form") means the Request for Exclusion Form in substantially the form attached hereto as **Exhibit 3** and as approved by the Court.

gg.    "Settlement" or "Stipulation of Settlement" means this Joint Stipulation of Settlement and Release between Plaintiff and Defendants.

hh.    "Settlement Awards" means Settlement amounts paid by Defendants to Authorized Class Claimants and Authorized Collective Claimants as described in Paragraph 3(d).

ii.    "Settlement Members" means those individuals that are a member of the FLSA Collective or Nevada Wage Class, each of whom is a "Settlement Member."

3.    **Terms of Settlement.**

a.    <u>Settlement All-Inclusive</u>. It is agreed by and among Plaintiff and Defendants that the Action and any Released Federal Claims and Released Nevada Claims, damages or causes of action of any kind that could have been raised during the Class Period, be settled and compromised as between the Settlement Class on the one hand and Defendants and the Released Parties on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court. This Settlement shall bind the Settlement Members, Plaintiff and his counsel, Defendants and their respective counsel, subject to the terms and conditions hereof and the Court's approval.

b.    <u>Effective Date</u>. The Settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred ("Effective Date"): (i) this Stipulation of Settlement has been executed by all Parties, Class Counsel and Defendants' respective

counsel; (ii) the Court has given Preliminary Approval to the Settlement; (iii) the Notices have been sent to the Settlement Members, providing them with an opportunity to submit a Claim and Consent Form, opt out of the Settlement, or to object to the Settlement; (iv) the Court has held a formal fairness hearing and entered the Court's Final Order and Judgment Dismissing the Action; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn, the later of the following events: (A) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (B) when any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (C) when any appeal, writ or other appellate proceeding has upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order and Judgment is completely final, and there is no further recourse by any appellant or objector who seeks to contest the Settlement. It is further agreed by the Parties that this Settlement shall not become effective if Defendants or the other Released Parties, are required to pay to any person or entity any amounts beyond the Maximum Settlement Amount set forth in 3(c) and Employer Payroll Taxes set forth in Paragraph 6(l).

        c.    <u>Maximum Settlement Amount and Net Settlement Amount</u>. To implement the terms of this Settlement, Defendant TSG, on behalf of the Released Parties, agrees to pay a maximum of One Million Five Hundred Thousand And No/100 Dollars ($1,500,000) as the "Maximum Settlement Amount," which includes all Settlement Awards to Authorized Class Claimants, Authorized Collective Claimants, the Enhancement Award to the Class Representative, the attorneys' fees and costs to Class Counsel, the Authorized Class Claimants' and Authorized Collective Claimants' portion of payroll taxes on the wage portion of the Settlement Awards, and the claims administration costs and expenses. At no time shall Defendant TSG have the obligation to segregate the funds comprising the Maximum Settlement Amount, and Defendant TSG shall retain exclusive authority over and responsibility for those funds after the Court's final approval of this Settlement and the expiration of any other applicable period referenced in this Stipulation of

Settlement, and subject to disbursement of the funds necessary for payment of the Settlement Awards, the approved attorneys' fees and costs for Class Counsel, the approved Enhancement Award to the Class Representative, the approved claims administration fees and expenses, the payroll taxes on the wage portion of the Settlement Awards, and any other payments provided by this Settlement. All Settlement Awards to Authorized Class Claimants, Authorized Collective Claimants, the Enhancement Award, the attorneys' fees and costs of Class Counsel, the fees and expenses of the Claims Administrator, and the Authorized Class Claimants' and Authorized Collective Claimants' share of the payroll taxes attributed to the wage portion of the Settlement Awards shall be paid out of the Maximum Settlement Amount. The Net Settlement Amount will be calculated by deducting all attorneys' fees, costs, the Enhancement Award, and claims administration expenses from the Maximum Settlement Amount. Settlement Awards to the Authorized Class Claimants and Authorized Collective Claimants will be calculated by Defendants and approved by Class Counsel.

d.     <u>Settlement Awards to Settlement Members</u>. Settlement Awards for Authorized Class Claimants and Authorized Collective Claimants will be paid out of the Net Settlement Amount in the amounts listed in Exhibit 4, in which the column entitled "FLSA Collective Award" refers to the amount of the Settlement Award that each Authorized Collective Claimant will receive from the Net Settlement Fund, and the column entitled "Nevada Class Award" refers to the additional amount of the Settlement Award that each Authorized Class Claimant will receive from the Net Settlement Fund. The Parties agree that the total amount Settlement Awards assigned to each FLSA Collective member and Nevada Wage Class Member in Exhibit 4 is proportionate to each Settlement Member's pro rata share of the unpaid wages, waiting time penalties, and liquidated damages, as applicable, Class Counsel estimates he or she is owed for the claims asserted in the Action during the Class Period, which takes into account each Settlement Member's employment dates, pay rates, and hours worked, as reflected in Defendants' records. If the amounts finally approved by the Court for attorneys' fees, costs, the Enhancement Award, and claims administration expenses are less than the amounts specified herein, the difference shall be added pro rata to each Settlement Award listed on Exhibit 4; provided, however, if any Nevada

Wage Class Member (excluding the Class Representative) fails to submit a valid and timely Claim and Consent Form and does not submit a valid and timely Exclusion Form as provided herein, their individual Nevada Class Award (as reflected in Exhibit 4) shall not be redistributed to other Settlement Members, but instead shall be paid to the Cy Pres Beneficiary, as provided in Paragraph 6(o). Each Authorized Class Claimant and Authorized Collective Claimant will have the option to elect to receive his or her Settlement Award through a Digital Payment Option through the Claims Administrator's website or by check.

e.    <u>Settlement Award Allocation</u>. Each award to each Authorized Class Claimant and Authorized Collective Claimant will be allocated from the Net Settlement Amount and paid as follows: one-half of his/her Settlement Award will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue, and one-half of his/her Settlement Award will be allocated to alleged unpaid waiting time and other penalties/liquidated damages for which IRS Forms 1099-MISC will issue.

f.    <u>Settlement Awards Do Not Trigger Additional Benefits</u>. All Settlement Awards to Authorized Class Claimants and Authorized Collective Claimants shall be deemed to be income to such Authorized Class Claimants and Authorized Collective Claimants solely in the year in which such awards actually are received by them. It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Authorized Class Claimants or Authorized Collective Claimants to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Authorized Class Claimants or Authorized Collective Claimants to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the Settlement Awards provided for in this Agreement are the sole payments to be made by Defendants to the Authorized Class Claimants and Authorized Collective Claimants in connection with this Settlement, and that the Authorized Class Claimants and Authorized Collective Claimants are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect

during the period covered by this Settlement).

g.    Enhancement Award. Subject to Court approval, Defendant TSG agrees to pay, on behalf of the Released Parties, an Enhancement Award of $15,000.00 to the Class Representative for his service to the Class. The Enhancement Award shall be part of the Maximum Settlement Amount. Defendants will not object to Class Counsel's application for Court approval of the Enhancement Award to the Class Representative. It is understood the Enhancement Award is in addition to any individual Settlement Award claimed by the Class Representative. The Claims Administrator will issue to the Class Representative an IRS Form 1099 for the Enhancement Award, and the Class Representative will be solely responsible for correctly characterizing the Enhancement Award for tax purposes and for paying any taxes on the amounts received. The Claims Administrator shall pay the Enhancement Award approved by the Court within thirty (30) days after the Effective Date.

h.    Attorneys' Fees and Costs. In consideration for settling this matter and in exchange for the release of claims by the Settlement Class, and subject to final approval or modification by the Court, Defendant TSG agrees to pay up to $500,000.00 for all current and future attorneys' fees, and up to $25,000.00 in costs as the Class Counsel Award. The attorneys' fees and costs set forth herein shall be part of the Maximum Settlement Amount. Defendants will not object to Class Counsel's application for attorneys' fees and costs up to the maximum amounts set forth above. The amounts set forth above will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Stipulation of Settlement, administration of the Settlement, obtaining judgment in the Action, and any challenges, writs or appeals to the Settlement.

i.    Release of Claims. Upon final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Authorized Collective Claimant fully releases and discharges Defendants and each of the Released Parties for and from all Released Federal Claims, and each member of the Nevada Wage Class who does not submit a valid and timely Exclusion Form as provided herein fully releases and discharges Defendants and each of the Released Parties for and from all Released Nevada Claims.

j.    <u>Nullification of Settlement.</u> In the event: (i) the Court does not enter any order required as specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter the Settlement Order and Judgment as provided herein which become final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, this Agreement shall be null and void *ab initio* and any order of judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by Agreement of the Parties. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. In the event an appeal is filed from the Settlement Order and Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**4.    <u>Stipulation for Collective and Class Certification.</u>**

a.    The Parties stipulate and agree to the certification of the FLSA Collective and the Nevada Wage Class for purposes of this Settlement only. Should, for whatever reason, this Settlement not become final, such stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendants expressly reserve their right to oppose class or collective certification should this Settlement not become final.

b.    <u>FLSA Collective.</u> Solely for purpose of settling this case, the Parties stipulate and agree that the requisites for establishing collective certification with respect to the FLSA Collective have been and are met. More specifically, for purposes of this Settlement only, the Parties stipulate and agree that:

i.    Plaintiff alleges the FLSA was violated when Defendants improperly classified him and other employees throughout the United States as exempt from overtime and paid them straight time, instead of time-and-a-half, for all hours worked over 40 hours in a workweek.

ii.     Plaintiff and other current and former employees of Defendants are similarly situated because they were subject to an alleged common policy or plan.

c.     <u>Nevada Wage Class.</u> Solely for purpose of settling this case, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Nevada Wage Class have been and are met. More specifically, for purposes of this Settlement only, the Parties stipulate and agree that:

i.     The Nevada Wage Class is ascertainable and so numerous as to make it impracticable to join all Settlement Members.

ii.     There are common questions of law and fact including, but not limited to, whether Defendants complied with applicable laws affecting Plaintiff and the other Settlement Members regarding payment of overtime, liquidated damages, penalties, and interest as authorized by statute.

iii.     Plaintiff's claims are typical of the claims of the members of the Nevada Wage Class.

iv.     Plaintiff will fairly and adequately protect the interests of the Nevada Wage Class, and Brown LLC should be deemed and appointed as Class Counsel and will fairly and adequately protect the interests of the Nevada Wage Class.

v.     The prosecution of separate actions by individual members of the Nevada Wage Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

vi.     With respect to the Nevada Wage Class, Plaintiff believes that questions of law and fact common to the members of the Nevada Wage Class predominate over any questions affecting any individual

member in such Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

5.    **Obtaining Court Approval and Effectuating Settlement.** This Settlement requires approval by the Court. The Parties agree to the following steps in the sequence set forth below to effectuate the Settlement and to obtain Court approval:

a.    <u>Preliminary Approval.</u> Within twenty-one (21) days of the execution of this Settlement Agreement by each of the Parties, Class Counsel shall file a Motion for Preliminary Approval of Class Action Settlement, submit this Stipulation of Settlement, and request a determination by the Court as to the Settlement's fairness, adequacy, and reasonableness. In so doing, Class Counsel shall apply to the Court for the entry of a Preliminary Approval Order which includes:

    i.    Scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, costs of administration, and the Enhancement Award should be finally approved as fair, reasonable, and adequate as to the members of the FLSA Collective and Nevada Wage Class;

    ii.    Certifying the FLSA Collective and Nevada Wage Class, Class Representative, and Class Counsel;

    iii.    Approving as to form and content the proposed Claim and Consent Form attached hereto as Exhibit 1;

    iv.    Approving as to forms and content the proposed Notice attached hereto as Exhibits 2A and 2B;

    v.    Approving as to form and content the proposed Request for Exclusion Form attached hereto as Exhibit 3;

    vi.    Approving the manner and method for members of the Nevada Wage Class to request exclusion from the Settlement as contained herein and within the Notice and Exclusion Forms;

    vii.    Directing the dissemination of the Notice, Claim and Consent Form,

and the Exclusion Forms by first class mail, email, and text message, to the Settlement Members;

        viii.    Preliminarily approving the Settlement subject only to the objections of Settlement Members and final review by the Court; and

        ix.    Enjoining Plaintiff and all Settlement Members from filing or prosecuting any other cases, claims, suits or administrative proceedings (including filing claims with any state of local agency or department) regarding claims released by the Settlement unless and until such Settlement Members have filed valid Requests for Exclusion with the Claims Administrator and the time for filing exclusions with the Claims Administrator has elapsed.

        b.    <u>Status of Action.</u> To effectuate the Settlement, the Parties agree all formal, informal discovery, motion practice, and all non-Settlement related deadlines, shall be stayed pending the Court's final approval of the Settlement. The Parties also agree that all Court deadlines be continued pending preliminary approval of the Settlement.

        c.    Within ten (10) days following the filing of this Agreement with the Court, Defendant shall serve upon the Attorney General of the United States and the appropriate State official of each State in which any member of Nevada Wage Class resides, as determined by Defendant TSG's records, a notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). A sample of the CAFA Notice is attached to this Agreement as Exhibit 5.

        d.    <u>Motion for Final Approval.</u> At least ten (10) days before the hearing scheduled by the Court for final approval of the Settlement, Class Counsel shall prepare and file the Motion for Final Approval of the Settlement, which will be consistent with the terms of this Stipulation of Settlement.

        e.    <u>Duties of the Parties Following Final Court Approval.</u> Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed Court's Final Order and Judgment including:

i.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

ii.    Approving Class Counsel's application for an award of attorneys' fees and costs not to exceed the maximum amount set forth herein;

iii.    Approving the Enhancement Award to the Class Representative not to exceed the maximum amount set forth herein;

iv.    Entering judgment of the Action on the merits, and permanently barring and enjoining all members of the Nevada Wage Class who have not timely and validly submitted an Exclusion Form and all Authorized Collective Claimants from prosecuting against the Released Parties any individual or class or collective claims released herein pursuant to Paragraph 3(i) above, upon satisfaction of all payments and obligations hereunder.

f.    The Class Representatives and Class Counsel agree to return all of the Released Parties' company and employee documents, lists and electronic data in all forms and formats (originals and copies) within fourteen (14) days from the Effective Date.

**6.  Claims Administration.**

a.    Settlement Member List. Within fourteen (14) days of Preliminary Approval, the Defendants shall provide the Claims Administrator with a list, in Microsoft Excel or Comma Separated Value format, of the names, last known physical addresses, personal email addresses, and cellular telephone numbers for all members of the FLSA Collective and Nevada Wage Class Settlement Members ("Settlement Member List"). A copy of the Settlement Member List without the contact information shall be provided to Class Counsel solely for the purposes directly related to this Action and effectuating the Settlement—for example, responding to inquiries made by any FLSA Collective/Nevada Wage Class Settlement Members.

b.    Notice Packet. The Notice Packet shall consist of the Notice (of which there shall be two versions: one sent to members of the FLSA Collective (attached hereto as Exhibit 2A),

and another sent to all other Settlement Members (i.e., Settlement Members who are members of both the FLSA Collective and Nevada Wage Class) (attached hereto as Exhibit 2B)), Claim and Consent Form, and Exclusion Form. The Claims Administrator will send the Notice Packet by first class mail, by email, and by text message, to the extent known, to Settlement Members within thirty (30) days of receiving the Class List. Each Notice Packet mailed to Settlement Members shall include a prepaid, pre-addressed return envelope that may be used to submit the Claim and Consent Form and/or the Exclusion Form by mail. There will also be a reminder sent by mail and email thirty (30) days before the close of the claims period for those Settlement Members who had not before then made a claim, and, for those Settlement Members whose notice is returned, skip tracing and remailings for returned notices. Settlement Members may also submit claims and elect their preferred payment method via the Claims Administrator's website.

        c.    <u>Claim and Consent Form</u>: With the exception of the Class Representative, Settlement Members are required to timely submit a valid Claim and Consent Form to be considered Authorized Collective Claimants. A Claim and Consent Form shall be deemed valid only if: (i) the Claim and Consent Form is postmarked or electronically submitted no later than the Claims Deadline; (ii) contains a Settlement Member's name, address, and Social Security Number; and (iii) the Settlement Member has dated and signed the Claim and Consent Form.

        d.    <u>Defective Claim and Consent Form:</u> If the Claims Administrator receives a Claim and Consent Form on or before the Claims Deadline, but the Claim and Consent Form is defective as to any of the requirements set forth in Paragraph 6(c), then, within five (5) days of its receipt of the defective Claim and Consent Form, the Claims Administrator shall notify the Settlement Member that the Claim and Consent Form is defective and that a corrected Claim and Consent Form must be received by the Claim Administrator by the later of the Claims Deadline or fourteen (14) days after the due date of mailing the notice of defect. If the Settlement Member's Claim and Consent Form remains defective after this opportunity to cure, the Claim and Consent Form shall be rejected and deemed invalid and of no effect. The Parties will engage in good faith attempts to resolve any questions regarding such matters. In the event of an irreconcilable conflict between the information provided on a Claim and Consent Form and information in Defendants'

records, Defendants' records shall be presumed correct, but the Claims Administrator shall make a final ruling as to whether such claim shall be accepted after considering all such evidence as it reasonably deems appropriate. Subject to the provisions set forth above, if any Settlement Member has not cured a defect in his or her otherwise timely Claim and Consent Form within the time prescribed above, the Settlement Administrator shall deny that claim and send that person a notice, stating the reason the claim was denied.

e.    <u>Failure to Submit Claim and Consent Form</u>: To be considered timely, Settlement Members must postmark or submit via the Claims Administrator's website their validly completed Claim and Consent Forms. All Settlement Members are required to submit a valid and timely Claim and Consent Form in order to receive a Settlement Award. Any member of the Nevada Wage Class who fails to submit a valid and timely Claim and Consent Form, will not receive a Settlement Award, but will still be bound by all terms of the Settlement and any Final Order and Judgment entered by the Court unless they have excluded themselves from the Nevada Wage Class in the manner provided herein. If a member of the FLSA Collective fails to submit a valid and timely Claim and Consent Form, they will not receive a Settlement Award and will not be bound by the terms of the Settlement or any Final Order and Judgment Entered by the Court.

f.    <u>Undeliverable Notice Packets.</u> If any Notice Packet is returned as undeliverable, the Claims Administrator shall promptly attempt to locate such Settlement Member either using any additional contact information available or an electronic search using available information ("Tracing"). For any Notice Packet returned as undeliverable, the Claims Administrator shall, within seven (7) days from the date the Notice Packet was returned as undeliverable, mail an additional Notice Packet to such Settlement Member at the address identified by Tracing ("Remailing"). The Claims Administrator shall not perform Tracing and/or Remailing more than one time for any Settlement Member, unless the Parties agree otherwise. To the extent any mailed Notice Packet is returned as undeliverable, the Settlement Member shall be permitted thirty (30) days from any remailing of the Notice Packet to submit their Claim and Consent Form, Exclusion Form, or objection to the settlement (the "Remailing Period").

g.    Exclusion Forms and Process:

i.    For each Nevada Wage Class member, there will be pre-printed information on the Exclusion Form mailed to the Nevada Wage Class member. Each Exclusion Form must be completed in its entirety to be considered valid, unless otherwise mutually agreed upon by the Parties for good cause.

ii.    To be considered timely, each Nevada Wage Class member must postmark or submit via the Claims Administrator's website their validly completed Exclusion Forms. No request for Exclusion will be honored if postmarked or submitted (via the Claims Administrator's designated website for the Settlement) after the Objection/Exclusion Deadline. Nevada Wage Class members are responsible to maintain a photocopy of the Exclusion Form and record of proof of mailing/submission. Unless a timely and valid Exclusion form is filed consistent with the terms of this Stipulation of Settlement, the Nevada Wage Class member shall be bound by all terms of the Settlement and any Final Order and Judgment entered by the Court. The Parties agree to meet and confer if the intent of a particular request for Exclusion is ambiguous, and may mutually agree to accept such request for Exclusion for good cause shown.

iii.    If a Nevada Wage Class Member submits both a timely and valid Claim and Consent Form and a timely and valid Exclusion Form—regardless of the order or timing of submission—the Claim and Consent Form shall control. The Claims Administrator shall disregard the Exclusion Form, and the Settlement Member shall be deemed an Authorized Class Claimant, entitled to receive their Settlement Award and bound by the release of both Released Federal Claims and Released Nevada Claims. The Claims Administrator shall have no obligation to contact the Settlement Member to resolve the conflict.

h.    Objecting to Settlement.

i.    A Settlement Member may object to this Settlement. For a Settlement Member to object to the Settlement, a Settlement Member must file with the Court no later than the Objection/Exclusion Deadline a notice of objection, signed by the Settlement Member or his or her counsel, stating the Settlement Member's: (i) name; (ii) current address; (iii) telephone number; (iv) dates of employment with Defendant(s); (v) last 4-digits of his or her social security number; and

(vi) basis of the objection. The Settlement Member objecting to the settlement must also serve a copy of his or her notice of objection on counsel for the Parties and the Claims Administrator by the Objection Deadline. The postmark date of the filing and service shall be deemed the exclusive means for determining that the notice of objection is timely. The Claims Administrator will not send any reminder notices to Settlement Members about the objection process. Settlement Members who fail to make objections in the manner specified above shall be deemed to have waived any objections, and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Settlement Members who file and serve timely notices of objection will have a right to appear at the Court's hearing to provide final approval of the Settlement in order to have their objections heard by the Court. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Members to submit written objections to the Settlement or appeal from the Court's Final Order and Judgment. Class Counsel shall not represent any Settlement Members with respect to any such objections to this Settlement.

          ii.    The Parties take the following positions with respect to objections, which shall be reflected in the Motion for Final Approval: No person shall be entitled to be heard at the final approval hearing or to object to the Settlement and no written objections shall be received or considered by the Court unless they were timely sent to the Claims Administrator as set forth in the Notice Packet; persons who fail to send timely written objections as required by the Notice Packet shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement; and persons who are not Settlement Members may not object to the Settlement.

          i.    <u>Payment of Attorneys' Fees and Costs.</u> Within thirty (30) days after the Effective Date, the Claims Administrator shall issue payment to Class Counsel for the amount of Attorneys' Fees and Costs approved by the Court in the Final Order and Judgment.

          j.    <u>Payment of Enhancement Award.</u> Within thirty (30) days after the Effective Date, the Claims Administrator shall issue payment to Plaintiff for the amount of the Enhancement Award approved by the Court in the Final Order and Judgment.

          k.    <u>Payment of Settlement Awards.</u> Within thirty (30) days after the Effective

Date, the Claims Administrator shall pay to each Authorized Class Claimant and Authorized Collective Claimant their respective Settlement Awards using the payment method they elected on the Claims Administrator's website. If no election is made, the default method shall be by check sent via first class mail. Digital Payment Options include, but are not limited to, direct deposit, electronic fund transfer, PayPal, and Venmo.

l.    <u>Payment of Employer-Portion of Payroll Taxes.</u> Within thirty (30) days after the Effective Date, the Claims Administrator shall determine the Employer Payroll Taxes and shall communicate such amount to the Parties with a detailed explanation of the calculations. No later than fourteen (14) days after the Claims Administrator communicates such amount the Parties, Defendant TSG will deposit the Employer Payroll Taxes as directed by the Claims Administrator. In the event of any dispute as to the calculation of the Employer Payroll Taxes, Defendants and the Claims Administrator shall meet and confer in good faith in an attempt to resolve the dispute.  If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. The Claims Administrator shall thereafter remit and report the applicable portion of the Employer Payroll Taxes to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings. Defendants agree to reasonably cooperate with the Claims Administrator to the extent necessary to determine the Employer Payroll Taxes.

m.    <u>Unclaimed Settlement Award Offers and Uncashed Checks</u>: Any checks paid to Authorized Class Claimants and/or Authorized Collective Claimants shall remain valid and negotiable for 90 days (the "Negotiation Period") from the date of their issuance and shall thereafter automatically be canceled by the Claims Administrator if not cashed by the Authorized Class Claimants or Authorized Collective Claimants within that time, at which time the Authorized Class Claimant's and/or Authorized Collective Claimant's claim will be deemed null and void and of no further force and effect and the funds will be retained by Defendant TSG. For Settlement Members who elected a Digital Payment Option, failure to claim or complete the digital transfer within the Negotiation Period shall be treated in the same manner as uncashed checks. In the event any Settlement Member who is sent a Claim and Consent Form and fails to submit validly and timely submit it, the monies compromising the offer of the Settlement Award to that Settlement Member

will be retained by Defendant TSG. Neither Defendants, Defendants' counsel, Plaintiff, Plaintiff's Counsel, nor the Claims Administrator shall have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for improper, erroneous, or unauthorized negotiation of settlement checks. Without limiting the foregoing, in the event an Authorized Class Claimant or Authorized Collective Claimant notifies the Claims Administrator that s/he believes that a settlement check has been lost or stolen, the Claims Administrator will immediately place a stop payment on such check. If the settlement check in question was not negotiated prior to the stop payment order and 90 days have not passed since the mailing of the settlement check, the Claims Administrator will issue a replacement check, from which the fees associated with the stop payment order will first be deducted. A failure by an Authorized Class Claimant or Authorized Collective Claimant to deposit or cash a check within the time period allotted shall have no effect on that Settlement Member's release of claims pursuant to this Settlement Agreement. The Claims Administrator shall return the balance of all unclaimed and/or uncashed funds to Defendant TSG, except for unclaimed Nevada Class Awards as addressed in Paragraph 6(o), within thirty (30) days after the expiration of the Negotiation Period.

n. <u>Funding of Settlement by TSG:</u> No later than ten (10) calendar days after the Effective Date, Defendant Turner Staffing Group, LLC ("TSG") shall transmit to the Claims Administrator the total amount necessary to fully fund all payments due under this Agreement, including: (i) the total of all Settlement Awards due to Authorized Class Claimants and Authorized Collective Claimants; (ii) the Court-approved Enhancement Award; (iii) Court-approved Attorneys' Fees and Costs; and (iv) Court-approved Claims Administration Costs. TSG shall also timely transmit the Employer Payroll Taxes in accordance with Paragraph 6(l).

o. <u>Distribution of Unclaimed Nevada Class Awards as Cy Pres:</u> Notwithstanding any other provision of this Agreement, if any member of the Nevada Wage Class fails to submit a valid and timely Claim and Consent Form and does not exclude themselves from the Settlement, their allocated Nevada Class Award shall not revert to Defendant TSG. Instead, such amounts shall be aggregated and paid by the Claims Administrator to the Food Bank of Northern Nevada as a cy pres distribution, within thirty (30) days after the expiration of the Negotiation

Period. The Class Representative is excluded from this provision and shall not have any portion of their unclaimed award redirected as cy pres. The Parties agree and stipulate that this cy pres award reflects the best approximation of the interests of the absent class members, consistent with applicable law. The Claims Administrator shall issue an IRS Form 1099 to the Food Bank of Northern Nevada if required.

7. **Additional Settlement Terms.**

a. <u>Parties Authority.</u> The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

b. <u>Mutual Full Cooperation.</u> The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their reasonable best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

c. <u>No Prior Assignments.</u> Plaintiff and Class Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

d. <u>No Admission.</u> Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any of the Released Parties. Each of the Parties hereto has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

e.      Enforcement Actions. In the event one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights or obligations under this Stipulation of Settlement, the successful party or Parties shall be entitled to recover from the unsuccessful party or Parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

f.      Construction. The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

g.      Captions and Interpretations. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Stipulation of Settlement or any provision of it. Each term of this Stipulation of Settlement is contractual and not merely a recital.

h.      Modification. This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

i.      Entire Agreement. This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

j.      Binding on Assigns. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns; provided, however, that a Party's rights and obligations hereunder may not be assigned or delegated without the express prior written consent of the other Parties.

k.      Notices. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the first business day after mailing by overnight courier with confirmed delivery, addressed as follows:

     i.      Plaintiff and the Settlement Class
       Roger Wenthe
       Roger Wenthe, PLLC
       2831 St. Rose Parkway, # 200
       Henderson, Nevada 89052
       Roger.wenthe@gmail.com

       Jason T. Brown
       Nicholas Conlon
       Brown, LLC
       111 Town Square Place, Suite 400
       Jersey City, NJ 07310
       jtb@jtblawgroup.com
       nicholasconlon@jtblawgroup.com

     ii.     Defendant Turner Staffing Group, LLC
       Joshua A. Sliker
       Jackson Lewis P.C.
       300 S. Fourth Street
       Suite 900
       Las Vegas, Nevada 89101
       joshua.sliker@jacksonlewis.com

     iii.    Defendant Nevada Gold Mines, LLC, and
       Barrick Gold of North America, Inc.

       Anthony Hall
       Simmons Hall Johnston P.C.
       690 Sierra Rose Drive
       Reno, Nevada 89511
       ahall@shjnevada.com

l.      Public Comment. The Class Representative and Class Counsel will not make any public disclosure of any kind in any medium regarding the facts underlying or terms of the Settlement, except for the filing of pleadings and declarations with the Court in support of preliminary and final approval of the Settlement. Class Counsel will take all steps necessary to ensure the Class Representative is aware of, and will ensure that he adheres to, the restriction against any public disclosure of the Settlement. The Class Representative and Class Counsel will not have

any communications with the media. Class Counsel will take all steps necessary to ensure the Class Representative is aware of, and will ensure that he adheres to, the restriction against any media comment on the Settlement and its terms. Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

       m.    <u>Settlement Member Signatories.</u> The Parties agree that because the Settlement Members are so numerous, it is impossible or impractical to have each Settlement Member execute this Stipulation of Settlement. The Notice will advise all Settlement Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Member.

       n.    <u>Counterparts.</u> This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart, including email and PDF versions, shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all Parties.

    IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

PLAINTIFF

*Wade W. Allen*

Wade Allen

_____07/31/2025_____
Date

TURNER STAFFING GROUP, LLC

_____

Thomas Haun
President

_____
Date

BROWN, LLC

*Nicholas Conlon*

NICHOLAS CONLON, ESQ.
*Admitted Pro Hac Vice*
111 Town Square Place, Ste. 400
Jersey City, New Jersey 07310

_____07/31/2025_____
Date

NEVADA GOLD MINES, LLC

_____
Name:
Title:

_____
Date

any communications with the media. Class Counsel will take all steps necessary to ensure the Class Representative is aware of, and will ensure that he adheres to, the restriction against any media comment on the Settlement and its terms. Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

       m.    <u>Settlement Member Signatories.</u> The Parties agree that because the Settlement Members are so numerous, it is impossible or impractical to have each Settlement Member execute this Stipulation of Settlement. The Notice will advise all Settlement Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Member.

       n.    <u>Counterparts.</u> This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart, including email and PDF versions, shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all Parties.

    IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

PLAINTIFF                                        TURNER STAFFING GROUP, LLC

_____                  _____
Wade Allen                                       Thomas Haun
                                                 President
                                                 7/31/2025
_____                  _____
Date                                             Date


BROWN, LLC                                       NEVADA GOLD MINES, LLC

_____                  _____
NICHOLAS CONLON, ESQ.                            Name:
*Admitted Pro Hac Vice*                          Title:
111 Town Square Place, Ste. 400
Jersey City, New Jersey 07310                    _____
                                                 Date

_____
Date

any communications with the media. Class Counsel will take all steps necessary to ensure the Class Representative is aware of, and will ensure that he adheres to, the restriction against any media comment on the Settlement and its terms. Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

m.    <u>Settlement Member Signatories.</u> The Parties agree that because the Settlement Members are so numerous, it is impossible or impractical to have each Settlement Member execute this Stipulation of Settlement. The Notice will advise all Settlement Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Member.

n.    <u>Counterparts.</u> This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart, including email and PDF versions, shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

PLAINTIFF                                    TURNER STAFFING GROUP, LLC

_____              _____
Wade Allen                                   Thomas Haun
                                             President

_____              _____
Date                                         Date


BROWN, LLC                                   NEVADA GOLD MINES, LLC

_____                      _____
NICHOLAS CONLON, ESQ.                        Name: Hiliary N. Wilson
*Admitted Pro Hac Vice*                      Title: Corporate Secretary
111 Town Square Place, Ste. 400              July 31, 2025
Jersey City, New Jersey 07310                _____
                                             Date

_____
Date

1

*Attorneys for Plaintiff*
2   *Wade Allen*

3

4

5

6

7

ROGER WENTHE, PLLC                          BARRICK GOLD OF NORTH AMERICA,
8                                           INC.

9   *Roger Wenthe*
ROGER WENTHE, ESQ.
Nevada Bar No. 8920                         _____
10   2831 St. Rose Pkwy., Suite 200          Name:
Henderson, Nevada 89052                     Title:
11
                                            _____
12   *July 31, 2025*                         Date
Date
13

*Attorneys for Plaintiff*
14   *Wade Allen*

15   JACKSON LEWIS P.C.                       SIMONS HALL JOHNSTON PC

16

17   _____                 _____
JOSHUA A. SLIKER, ESQ.                      ANTHONY L. HALL, ESQ.
18   Nevada Bar No. 12493                     Nevada Bar No. 5977
300 S. Fourth Street, Suite 900             690 Sierra Rose Dr.
19   Las Vegas, Nevada 89101                  Reno, Nevada 89511

20   *Attorneys for Defendant*                *Attorneys for Defendants*
*Turner Staffing Group, LLC*                *Nevada Gold Mines LLC, and*
21                                            *Barrick Gold of North America, Inc.*

22

23

24

25

26

27

28

1

2    *Attorneys for Plaintiff*
      *Wade Allen*

3

4

5

6

7    ROGER WENTHE, PLLC                          BARRICK GOLD OF NORTH AMERICA,
                                                  INC.
8

9    _____                     _____
     ROGER WENTHE, ESQ.                           Name: Michael R. McCarthy
10   Nevada Bar No. 8920                          Title: Director
     2831 St. Rose Pkwy., Suite 200
11   Henderson, Nevada 89052                       July 31, 2025
                                                  _____
12   _____                    Date
     Date
13

14   *Attorneys for Plaintiff*
     *Wade Allen*

15   JACKSON LEWIS P.C.                           SIMONS HALL JOHNSTON PC

16

17   _____                     _____
     JOSHUA A. SLIKER, ESQ.                       ANTHONY L. HALL, ESQ.
18   Nevada Bar No. 12493                         Nevada Bar No. 5977
     300 S. Fourth Street, Suite 900              690 Sierra Rose Dr.
19   Las Vegas, Nevada 89101                      Reno, Nevada 89511

20   *Attorneys for Defendant*                    *Attorneys for Defendants*
     *Turner Staffing Group, LLC*                 *Nevada Gold Mines LLC, and*
21                                                *Barrick Gold of North America, Inc.*

22

23

24

25

26

27

28

1

*Attorneys for Plaintiff*
*Wade Allen*

2

3

4

5

6

7    ROGER WENTHE, PLLC                    BARRICK GOLD OF NORTH AMERICA,
                                            INC.
8

_____
9    ROGER WENTHE, ESQ.
     Nevada Bar No. 8920                    _____
10   2831 St. Rose Pkwy., Suite 200         Name:
     Henderson, Nevada 89052                Title:
11
                                            _____
12   _____   Date
     Date
13

14   *Attorneys for Plaintiff*
     *Wade Allen*
15

     JACKSON LEWIS P.C.                     SIMONS HALL JOHNSTON PC
16
     *Joshua Sliker*
17   _____         _____
     JOSHUA A. SLIKER, ESQ.                 ANTHONY L. HALL, ESQ.
18   Nevada Bar No. 12493                   Nevada Bar No. 5977
     300 S. Fourth Street, Suite 900        690 Sierra Rose Dr.
19   Las Vegas, Nevada 89101                Reno, Nevada 89511

20   *Attorneys for Defendant*             *Attorneys for Defendants*
     *Turner Staffing Group, LLC*          *Nevada Gold Mines LLC, and*
21                                          *Barrick Gold of North America, Inc.*

22

23

24

25

26

27

28

1

2    *Attorneys for Plaintiff*
     *Wade Allen*

3

4

5

6

7    ROGER WENTHE, PLLC                    BARRICK GOLD OF NORTH AMERICA,
                                           INC.
8
     _____
9    ROGER WENTHE, ESQ.                    Name: Michael R. McCarthy
     Nevada Bar No. 8920                   Title: Director
10   2831 St. Rose Pkwy., Suite 200        July 31, 2025
     Henderson, Nevada 89052               _____
11                                         Date
12   _____
     Date
13
     *Attorneys for Plaintiff*
14   *Wade Allen*

15   JACKSON LEWIS P.C.                    SIMONS HALL JOHNSTON PC

16
     _____
17   JOSHUA A. SLIKER, ESQ.                ANTHONY L. HALL, ESQ.
     Nevada Bar No. 12493                  Nevada Bar No. 5977
18   300 S. Fourth Street, Suite 900       690 Sierra Rose Dr.
     Las Vegas, Nevada 89101               Reno, Nevada 89511
19
20   *Attorneys for Defendant*             *Attorneys for Defendants*
     *Turner Staffing Group, LLC*          *Nevada Gold Mines LLC, and*
21                                         *Barrick Gold of North America, Inc.*

22

23

24

25

26

27

28