ROGER WENTHE, PLLC
Roger Wenthe
Nevada Bar No. 8920
2831 St. Rose Pkwy. # 200
Henderson, NV 89052
T: 702-971-0541
roger.wenthe@gmail.com
*Local Counsel for Plaintiff*
*(Additional counsel appear on signature page)*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALLEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARRICK GOLD OF NORTH AMERICA, INC.,<br><br>NEVADA GOLD MINES, LLC.<br><br>and<br><br>TURNER STAFFING GROUP, LLC,<br><br>Defendants. | Case No.: No. 3:24-cv-00231-CLB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

Before the Court is Plaintiff Wade Allen's Unopposed Motion for Preliminary Approval of Settlement and Certification of FLSA Collective and Rule 23 Class for Settlement Purposes. Having reviewed the Motion, the Joint Stipulation of Settlement and Release (the "Settlement" or "Agreement"), and all exhibits thereto, and finding that the proposed settlement falls within the range of possible approval under Rule 23(e) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Court hereby GRANTS the Motion and ORDERS as follows:

## I. DEFINITIONS

1. The Court adopts the defined terms in the Joint Stipulation of Settlement for purposes of this Order.

## II. PRELIMINARY APPROVAL OF SETTLEMENT

2. The Court has reviewed the terms of the Settlement and finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate to warrant notice to the proposed FLSA Collective and Rule 23 Class and the scheduling of a final fairness hearing.

3. The Settlement appears to be the result of arm's-length negotiations between experienced counsel and follows an investigation and analysis of legal and factual issues by both sides.

4. The Settlement provides substantial monetary relief and is within the range of possible final approval, subject to further consideration at the Final Approval Hearing.

## III. PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND COLLECTIVE

5. Pursuant to Rule 23(c) and solely for purposes of settlement, the Court provisionally certifies the following class under Rule 23(b)(3):

> Nevada Wage Class: All individuals employed by Turner Staffing Group, LLC and/or HR Advantages, LLC in Nevada who were classified as exempt and paid on an hourly, piece-rate or daily basis at any time during the Class Period (January 1, 2022 through September 3, 2024).

6. The Court also conditionally certifies the following collective under 29 U.S.C. § 216(b) for purposes of settlement:

> FLSA Collective: All individuals employed by Turner Staffing Group, LLC and/or HR Advantages, LLC anywhere in the United States who were classified as exempt and paid on an hourly, piece-rate or daily basis at any time during the Class Period (January 1, 2022 through September 3, 2024).

7. The Court finds that, for settlement purposes, the requirements of Rule 23(a) and 23(b)(3) are satisfied with respect to the Nevada Wage Class, and that the members of the FLSA Collective are similarly situated under 29 U.S.C. § 216(b).

**IV. APPOINTMENT OF INTERIM CLASS COUNSEL AND CLASS REPRESENTATIVE**

8. The Court appoints Jason T. Brown and Nicholas Conlon of Brown, LLC as Interim Class Counsel pursuant to Rule 23(g)(3), and finds that they meet the requirements of Rule 23(g)(1).

9. The Court appoints Plaintiff Wade Allen as the Class Representative for the Settlement Class and Collective.

**V. APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

10. The Court appoints Apex Class Action LLC as the Settlement Administrator, responsible for disseminating notice, tracking responses, calculating awards, issuing payments, and performing related administrative functions, as set forth in the Settlement.

**VI. NOTICE AND CLAIMS PROCESS**

11. The Court approves the content and form of the Notice Packet, including the Notice of Class and Collective Action Settlement (Exhibits 2A and 2B), Claim and Consent Form (Exhibit 1), and Request for Exclusion Form (Exhibit 3), which are consistent with Rule 23(c)(2)(B), Rule 23(e), and the FLSA.

12. The Court directs that, within 14 days after entry of this Order, Defendants shall provide the Settlement Administrator with the Settlement Class Member list, including last known contact information as required by the Settlement ( 6(a)).

13. The Court directs that, within 30 days after receiving the class list, the Settlement Administrator shall disseminate the Notice Packet by U.S. mail, email, and text message, and shall conduct skip-tracing and remailings as needed, in accordance with Paragraphs 6(b)-(f) of the Settlement.

14. Settlement Class Members shall have 60 days from the initial mailing of the Notice Packet to: (a) submit a Claim and Consent Form (FLSA Collective); (b) submit a Request for Exclusion (Nevada Wage Class); or (c) object to the Settlement. See 2(f), 2(x), 6(c)-(h).

**VII. SCHEDULING FINAL APPROVAL HEARING**

15. The Court will set the Final Approval Hearing at a date and time to be determined after the 60 day deadline has passed. The Final Approval Hearing will determine whether to: finally approve the Settlement as fair, reasonable, and adequate under Rule 23(e) and the FLSA, finally certify the Settlement Class and Collective for purposes of settlement, approve Class Counsel's request for attorneys' fees and litigation costs, approve the Service Award to Plaintiff Wade Allen, and enter final judgment and dismissal of the Action with prejudice.

**VIII. DEADLINES AND FURTHER BRIEFING**

16. 10 days after the above deadlines have passed, Plaintiff shall file a Motion for Final Approval of the Settlement, at which time the Court will set the Final Approval Hearing.

17. Any objections to the Settlement must be submitted in writing and postmarked or filed with the Court by the Objection Deadline, consistent with the procedures outlined in the Settlement and Notice Packet.

**IX. OTHER PROVISIONS**

18. All proceedings in this Action are hereby stayed pending the Final Approval Hearing, except as may be necessary to implement the terms of the Settlement or comply with this Order.

19. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

**DATED:** August 22, 2025

_____
**CARLA BALDWIN**
**UNITED STATES MAGISTRATE JUDGE**