ROGER WENTHE, PLLC
Roger Wenthe
Nevada Bar No. 8920
2831 St. Rose Pkwy. # 200
Henderson, NV 89052
T: 702-971-0541
roger.wenthe@gmail.com
*Local Counsel for Plaintiff*
*(Additional counsel appear on signature page)*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALLEN, individually, and on behalf of all others similarly situated, | Case No.: No. 3:24-cv-00231-CLB |
| Plaintiff, | ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT |
| vs. | |
| BARRICK GOLD OF NORTH AMERICA, INC., | |
| NEVADA GOLD MINES, LLC. | |
| and | |
| TURNER STAFFING GROUP, LLC, | |
| Defendants. | |

On January 22, 2026, the Court held a hearing on Plaintiff's Unopposed Motion for Final Approval of Settlement and Certification of FLSA Collective and Rule 23 Class for Settlement Purposes. Counsel for Plaintiff and Defendants appeared. Having considered the Motion, the Joint Stipulation of Settlement, the supporting declarations, the arguments of counsel, and the entire record,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Court has subject matter jurisdiction over this action and personal jurisdiction over Plaintiff, Defendants, all members of the Nevada Wage Class, and all members of the FLSA Collective.

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

2.	The Court adopts and incorporates by reference all defined terms set forth in the Joint Stipulation of Settlement (ECF No. 36) (the "Settlement").

3.	The Court finds that the Notice program implemented by Apex Class Action LLC complied with the Court's Preliminary Approval Order (ECF No. 37), Rule 23, 29 U.S.C. § 216(b), and due process. Individual notice was provided to all Settlement Members who could be identified through reasonable efforts. The Notice fairly and adequately informed Settlement Members of the Settlement terms, their rights to submit Claim and Consent Forms, request exclusion, object, and the applicable deadlines.

4.	The Court grants final certification of the Nevada Wage Class under Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes and final certification of the FLSA Collective pursuant to 29 U.S.C. § 216(b) for settlement purposes.

5.	The Court confirms the appointment of Wade Allen as Class Representative and approves the Service Award of $15,000.00 to Plaintiff Wade Allen, as provided in the Settlement.

6.	The Court confirms the appointment of Brown, LLC as Class Counsel for the Nevada Wage Class and the FLSA Collective pursuant to Rule 23(g).

7.	The Court grants final approval of the Settlement and finds that it is fair, reasonable, and adequate in all respects. The Court specifically finds that the Settlement is the product of arm's-length negotiations between experienced counsel, resolves bona fide disputes under the FLSA and Nevada wage-and-hour law, and provides meaningful relief to Settlement Members in light of the risks, costs, and delay associated with further litigation. The reaction of the Class and Collective supports approval, as no Settlement Member objected and no Nevada Wage Class Member requested exclusion.

8.	The Court approves Class Counsel's request for attorneys' fees in the amount of $500,000.00 and reimbursement of litigation costs in the amount of $15,753.26, plus any additional reasonably incurred costs, subject to the $25,000.00 cap set forth in the Settlement.

9.	The Court approves payment of the Settlement Administrator's fees and expenses as provided in the Settlement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

10. Upon the occurrence of the Effective Date as defined in the Settlement, each Authorized Collective Claimant has fully, finally, and forever released and discharged Defendants and the Released Parties from all Released Federal Claims, and each member of the Nevada Wage Class who did not timely and validly submit a Request for Exclusion has fully, finally, and forever released and discharged Defendants and the Released Parties from all Released Nevada Claims, as those terms are defined in the Settlement.

11. Plaintiff's claims and all Released Claims are dismissed with prejudice as to all Defendants.

12. The Court directs the Parties and the Settlement Administrator to carry out and effectuate the terms of the Settlement. The Court retains exclusive jurisdiction to enforce, administer, and interpret the Settlement and this Order.

IT IS SO ORDERED.


DATED: January 23, 2026

_____
HON. CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT